# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW JAMES MORTON, ) | |
| ) | Case No. 16-cv-5057 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| THOMAS J. DART, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew James Morton brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. Before the Court is the motion to dismiss Plaintiff's first amended complaint for failure to state a claim [64] filed by Defendants Bilquis Jacobs-El and James Morrison ("Defendants"). Plaintiff brings claims against Defendant Jacobs-El and Morrison in their individual capacities, alleging that they unconstitutionally subjected him to cold temperatures (Count III) and mold (Count V) while he was incarcerated at Cook County Jail.[1] In the alternative, Plaintiff brings claims against Defendant Jacobs-El in her official capacity as Director of the Cook County Department of Facilities Management ("DFM"), alleging that the Cook County Department of Corrections ("CCDOC") and DFM had the practice of exposing inmates to extreme cold (Count IV) and ignoring mold in cells and communal showers (Count VI), which were conditions of confinement objectively serious enough to be unconstitutional. Counts IV and VI are also brought against Defendant Thomas J. Dart, the Sheriff of Cook County, in his official capacity. But Defendant Dart did not move to dismiss these claims.

---

[1] Counts III and V are also brought against other defendants in their individual capacities, but only Jacobs-El and Morrison moved to dismiss these claims.

Defendants Jacobs-El and Morrison both seek to dismiss the claims Plaintiff brings against them in their individual capacities (Counts III and V), arguing that Plaintiff fails to allege that either Jacobs-El or Morrison were personally involved in depriving Plaintiff of his constitutional rights. Defendant Jacobs-El further seeks to dismiss claims brought against her in her official capacity (Counts IV and VI), arguing that she cannot be sued in an official capacity because she is an official of a non-suable entity. For the reasons stated below, the motion [64] is granted in part and denied in part.

I. **Background**

Plaintiff filed his first amended complaint (the "Amended Complaint") on March 27, 2017 bringing claims against multiple defendants for certain conditions of confinement he was forced to endure while he was a pre-trial detainee at Division 6 of Cook County Jail ("CCJ") from February 2015 to May 2015 and from October 2015 to June 2016. [1, at ¶13.] While Plaintiff was at CCJ, he was exposed to "severe and prolonged pest infestations, mold, sustained lack of heat and cold temperatures, and excessive noise." *Id*. at ¶ 17. These conditions were not isolated to one cell, but existed at the same severity regardless of the cell or housing unit in which Plaintiff was placed. *Id*. at ¶ 18.

Plaintiff alleges that he and other inmates at CCJ were exposed to severe cold during the winter months, posing a substantial risk to their health and safety. *Id*. at ¶¶ 30-31. The temperature in Plaintiff's cell frequently fell below 20 degrees Fahrenheit and sometimes reached temperatures as low as 10 degrees Fahrenheit. *Id*. at ¶ 33. Plaintiff also alleges that he and other inmates at CCJ were exposed to mold that was in their jail cells and the communal showers. *Id*. at ¶¶ 39, 41. Specifically, Plaintiff alleges that mold was on the faucet in his cell, which was Plaintiff's only source of drinking water after his cell was locked for the night. *Id*. at

¶¶ 42-43. Mold was also growing on other parts of each cell inhabited by Plaintiff, including the toilets, the walls, and on the inside and outside of the air vents. *Id*. at ¶¶ 44-45. As a result of his constant exposure to cold temperatures and mold, Plaintiff suffered from "migraines, headaches, severe colds, swollen throats, frequent sleep deprivation, and experienced a feeling of weakness and other disease-like symptoms." *Id*. at ¶¶ 38, 50.

During the relevant time period, CCDOC and DFM were responsible for maintaining adequate heat, ventilation, and sanitary conditions at CCJ. *Id*. at ¶ 14. Plaintiff alleges that Defendant Jacobs-El supervised DFM. *Id*. Plaintiff further alleges that Defendant Morrison was "an employee of DFM and was responsible for the maintenance of sanitary and other living conditions at Division 6 of CCJ." *Id*. at ¶ 5.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to

relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### III. Analysis

#### A. INDIVIDUAL CAPACITY CLAIMS

Plaintiff alleges sufficient facts to show that Defendants Jacobs-El and Morrison were deliberately indifferent to systematic conditions that caused the Plaintiff's purported injuries. Defendants argue that because Plaintiff fails to describe or allege any specific action Defendants Jacobs-El and Morrison took to cause Plaintiff's purported injuries, Plaintiff fails to state a claim against these Defendants in their individual capacities. Although a § 1983 plaintiff must allege that a defendant being sued in his individual capacity was personally responsible for any alleged constitutional violation, J*ohnson v. Snyder*, 444 F. 3d 579, 583 (7th Cir. 2006), a "senior jail official who was not personally involved in the acts or omissions complained of nonetheless may be liable in his individual capacity if he can be expected to have either known of or participated in creating systemic inadequate conditions at the jail." *Warren v. Dart*, 2010 WL 4883923, at *6 (N.D. Ill. Nov. 24, 2010); see also *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (holding that plaintiff could bring claims against senior jail officials where plaintiff alleged "systemic violations for which the [senior jail officials could] be expected to have personal responsibility"); *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (holding that "defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions").

4

Defendants argue that Plaintiff has not alleged these kinds of systemic violations. Specifically, Defendants argue that Plaintiff merely asserts that the purported constitutional violations were "systemic" without offering supporting allegations, such as allegations that other "specific detainees or divisions at CCJ" also experienced these unconstitutional conditions. But the conditions alleged here—extreme temperatures, mold in cells and communal showers—are the kinds of conditions that are by their very nature potentially systemic and not merely localized. Cf. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (holding Plaintiff failed to allege systematic violations based on sporadic and short-term delays in the prisoner's receipt of his own personal mail). While a senior jail official may not be expected to have knowledge of delays in a specific prisoner's receipt of personal mail or a specific prisoner being prevented from attending religious services, senior jail officials would be expected to have knowledge of extreme temperatures or mold in the jail.

For example, in *Antonelli*, the Seventh Circuit considered whether certain conditions were systemic, allowing for the inference that senior jail officials would be aware of the conditions. 81 F.3d at 1429. The court affirmed the dismissal of claims relating to allegations that jail officials prevented plaintiff from attending religious services, destroyed his personal property, and ignored his requests for psychological treatment, holding that these allegations were "clearly localized, non-systemic violations." *Id*. The Court did not, however, reach the same conclusion with respect to allegations relating to excessive noise, failure to protect from cold temperatures, and pest infestations. *Id*. Because allegations with respect to these kinds of claims were potentially systemic, individual capacity suits with respect to these conditions could survive a motion to dismiss. Here, Plaintiff's claims based on extreme temperatures and mold

5

relate to conditions that are also potentially systemic, allowing for the inference that senior jail officials at CCJ had knowledge of these alleged inadequate conditions.[2]

Defendants do not dispute that Defendant Jacobs-El was a senior jail official. Plaintiff alleges that, at all relevant times, Defendant Jacobs-El was the Director of Cook County DFM and "was responsible for supervising DFM and for maintaining adequate heat, ventilation, and sanitary conditions at Cook County Jail." [49, at ¶3.] Because it is reasonable to infer that Defendant Jacobs-El either knew of or participated in creating systemic inadequate conditions at CCJ based on the allegations in the Amended Complaint, the Court will not dismiss Plaintiff's claims against Defendant Jacobs-El in her individual capacity

Defendants do argue that Plaintiff fails to establish that Defendant Morrison was a senior jail official because Plaintiff does not allege any facts supporting his conclusory allegation that Defendant Morrison "was responsible for the maintenance of sanitary and other living conditions at Division 6 of Cook County Jail." [64, at 4.] Assuming that Defendant Morrison was responsible for the maintenance of sanitary and other living conditions at Division 6 of CCJ, which the Court must do at the motion to dismiss stage, the Court finds that Defendant Morrison would be considered a senior jail official. Because it reasonable to infer that Defendant Morrison either knew of or participated in creating inadequate conditions at CCJ based on the allegations in the Amended Complaint, the Court will not dismiss Plaintiff's claims against Defendant Morrison in his individual capacity.

---

[2] Defendants also argue that Defendants cannot be held liable in their individual capacities under a theory of *respondeat superior*. [64, at 5 (citing *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).] While Defendants accurately state the law, Plaintiff here does not invoke the doctrine of *respondeat superior*. This argument is therefore a red herring.

B.     OFFICIAL CAPACITY CLAIMS

Defendants next argue that the Court should dismiss claims brought against Defendant Jacobs-El in her official capacity, because an "official capacity" suit is really a suit against the entity the official represents, *Sanders,* 198 F.3d at 629, and Defendant Jacobs-El represents a non-suable entity. Plaintiff does not dispute that DFM is a non-suable entity. Rather, Plaintiff argues that courts allow parties to bring "official capacity" suits against employees of departments or subunits of a government entity, even when the department or subunit is not independently a suable entity. [67, at 9 (citing *Whitehead v. Dart*, 2016 WL 8732320, at *2 (N.D. Ill. July 1, 2016).]

Although courts should dismiss a claim directly brought against a non-suable entity, *Smith v. City of Chicago Police Dep't*, 937 F.2d 610 (7th Cir. 1991), courts do not need to dismiss a claim brought against an *official* of non-suable entity in his official capacity. In such cases, the claim is really against the suable entity that oversees the non-suable entity. For example, Defendants recognize that DFM is a sub-unit of Cook County, just like Cermak Health Services is a sub-unit of Cook County. [64, at 7.] Defendants ignore the fact, however, that courts regularly treat "official capacity" claims against officials of Cermak as claims against Cook County. See, *e.g., Hampton v. Hart*, 2011 WL 2837407, at *6 (N.D. Ill. July 18, 2011) ("For Cermak Director Dr. Avery Hart, an official-capacity claim against him is considered to be a claim against Cook County."); *Aleman v. Dart*, 2010 WL 4876720, *7 (N.D. Ill. Nov. 23, 2010) (holding that an "official capacity" claim against Dr. Avery Hart, Medical Director of Cermak, is considered a claim against Cook County). Similarly, "official capacity" claims against officials of DFM would be considered claims against Cook County. Consistent with this analysis, other courts in this District have allowed claims to proceed against Defendant Jacobs-El

7

in her official capacity as Director of the Department of Farcicalities Management. See, *e.g., Whitehead v. Dart*, 2016 WL 8732320 (N.D. Ill. July 1, 2016); *Brown v. Dart*, 2017 WL 3219217, at *1 (N.D. Ill. July 28, 2017). Ultimately, a suit against Defendant Jacobs-El in her official capacity is a suit against Cook County, which is a suable entity. Defendants do not cite any cases establishing that these "official capacity" claims against officials working for a department or subunit of a suable entity are improper.[3]

Still, the "official capacity" claims against Defendant Jacobs-El should be dismissed. For the reasons discussed below, Cook County is an indispensable party to all claims brought against Defendant Dart in his official capacity, and Cook County therefore should be made party to this action. Because Cook County will be made party to this action, the official capacity claims against Defendant Jacobs-El are duplicative. Thus, the Court dismisses the official capacity claims against Defendant Jacobs-El.

    i.    Absence of Cook County

An "official capacity" suit against a public official is a suit against the entity of which that official is an agent. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) (citations omitted); see also *Sanders*, 198 F.3d at 629 ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."). Ultimately, Plaintiff's official capacity claims against Defendants Dart and Jacobs-El are claims against Cook County. Cook County is not, however, a party to this lawsuit. This presents a

---

[3] Defendants' argument relies on cases dismissing claims brought directly against non-suable entities, not officials of the non-suable entities. *Jordan v. City of Chicago, Dep't of Police*, 505 F. Supp. 1, 4 (N.D. Ill. 1980) (striking Department of Police from the complaint as a non-suable entity); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (dismissing claims against the Chicago Police Department and the Cook County State's Attorney's Office because they are non-suable entities, but invoking prosecutorial immunity and merits based issues to dismiss claims against officials of these entities). These cases are not relevant here.

problem with respect to the claims brought against Defendant Dart, an "independently elected county officer [who is] not an employee of the county in which [he] serves," *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 136 (Ill. 2003), because the Seventh Circuit has held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected officer." *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003).

Federal Rules of Civil Procedure 19 and 21 may be used to remedy this problem. *Cruz v. Dart*, 2012 WL 5512275, at *6 (N.D. Ill. Nov. 13, 2012) (ordering Cook County be joined as an indispensable party pursuant to the court's authority under Federal Rules of Civil Procedure 19(a)(2) and 21); *Wagner v. Evans*, 2016 WL 397444, at *2 (N.D. Ill. Feb. 2, 2016) (same). Rule 19 provides that "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). It does not appear that the Seventh Circuit has specifically held that the Court may apply Rule 19 without some request by the parties to do so. Yet other courts to consider that very question have reasoned that "[b]ecause Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue *sua sponte* even if it is not raised by the parties to the action." *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382–83 (2d Cir. 2006); *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 2 (1st Cir. 1998); see also 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1609 (3d ed. 2006) ("[B]oth the trial court and the appellate court may take note of the nonjoinder of an indispensable party *sua sponte*."); 4 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE—CIVIL, § 19.02[4][a] (3d ed. 2006) ("The district court may raise compulsory joinder on its own motion."); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (instructing courts to take steps on their own initiative to protect the rights of absentee parties). Moreover, Federal Rule of Civil Procedure 21

9

provides that "the court may at any time, on just terms, add or drop a party." The Court will therefore analyze whether Cook County is a "required party" under Rule 19.

Under Rule 19(a)(1)(A), a "required party" is one that is (i) subject to service of process, (ii) whose joinder will not deprive the court of subject-matter jurisdiction, and (iii) in whose absence "the court cannot accord complete relief among existing parties." See *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 635–36 (7th Cir. 2009). Cook County satisfies those criteria. Therefore, pursuant to its authority under Rules 19(a) (2) and 21, the Court orders that Cook County be joined to this suit as a defendant.

> ii. Official Capacity Claims Against Jacobs-El

Because a suit against a public official is treated as a suit against the entity of which that official is an agent, *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007), "nothing is gained when an individual is sued in his or her official capacity alongside his or her employing municipality." *Cruz v. Dart*, 2012 WL 5512275, at *7 (N.D. Ill. Nov. 13, 2012) (citations omitted); *Harrison v. Cty. of Cook*, 2011 WL 4036115, at *8 (N.D. Ill. Sept. 12, 2011) (holding that claim against municipal official in her official capacity failed where the municipality was also named as a defendant in the lawsuit); see also *Harris v. Denver Health Med. Ctr.,* 2012 WL 1676590, at *7 (D. Colo. May 10, 2012) ("A § 1983 claim is properly plead against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant." (quotations and citation omitted)); *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing government entity. Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City." (citation omitted)); *Jackson v. Shelby Cnty.*

*Gov't,* 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) ("[T]he district court properly granted summary judgment to the defendants on the claims against the sheriff in his official capacity because those claims mirror the claims against the County, and are therefore redundant.").

Plaintiff recognizes that "where official capacity claims are brought against Defendant Jacobs-El, the governing entity to whom liability would be imputed is Cook County." [67, at 11.] Since Cook County will be joined as a defendant, the official capacity claims against Defendant Jacobs-El are duplicative. The Court therefore dismisses Defendant Jacobs-El from Counts IV and VI, the official capacity § 1983 claims brought against her.

## IV. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [64]. The Court dismisses Defendant Jacobs-El from Counts IV and VI, the official capacity § 1983 claims brought against her. Defendants' motion to dismiss is denied in all other respects. With respect to the claims brought against Defendant Dart in his official capacity, the Court orders that Cook County be made a party to the action.

Date: October 23, 2017

Robert M. Dow, Jr.
United States District Judge